IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NANKWEST, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-1566-GBL-TCB |
| ) | |
| MICHELLE K. LEE, Deputy Under Secretary ) | |
| of Commerce for Intellectual Property and ) | |
| Deputy Director of the United States Patent ) | |
| and Trademark Office ) | |
| ) | |
| Defendant. | |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the court on Defendant, Michelle K. Lee's Motion for Expenses (Doc. 78) at the conclusion of a trademark and infringement case, where the Plaintiff elected to bring its appeal of the PTAB's decision pursuant to 35 U.S.C. §145.

The first issue is whether 35 U.S.C. § 145's language requiring Plaintiff to pay for the USPTO's "expenses" encompasses the payment of the USPTO's attorney fees, thereby deviating from the American Rule, that each side bears their own attorney's fees. The second issue is whether the USPTO's expert witness' fees of $800/hr. (and $1000/hr. for testimony) were unreasonable given that Plaintiff's own expert, specializing in the same field, only charged $400/hr.

The Court DENIES Defendant's Motion for Expenses regarding the Defendant's attorney fees and GRANTS Defendant's Motion for Expenses relating to Defendant's expert witness.

# I. BACKGROUND

This matter arises from a patent infringement dispute between Nantkwest, Inc. ("NantKwest") and the United States Patent and Trademark Office ("USPTO"). Def. Mot. to Dismiss, at 1. After the PTAB rejected its patent claims, Plaintiff Nantkwest, pursuant to 35 USC § 145, elected to present its claim in this Court. *Id.* Section 145 allows a plaintiff to have a federal district court review its patent claims, along with new evidence, to determine the patentability of the relevant patents. 35 U.S.C. §145. However, when a plaintiff elects to have a district court review patents pursuant to § 145, Congress has mandated that the plaintiff is responsible for "all the expenses of the proceeding." *Id.*

On December 20, 2013, under § 145, NantKwest filed this proceeding to challenge an adverse decision from the USPTO. Def. Mot. to Dismiss, at 2. On September 2, 2015, this Court entered summary judgment in favor of the USPTO. *Id.* The USPTO now seeks $111,696.39 from Plaintiff as "expenses" of the proceeding under § 145. *Id.*

# II. STANDARD OF REVIEW

Under the "American Rule," parties are responsible for their own attorneys' fees. *In re Crescent City Estates, LLC*, 588 F.3d 822, 825 (4th Cir. 2009) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Thus, a prevailing litigant is generally not entitled to recover attorneys' fees from the non-prevailing litigant. *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). However, there is an exception to this rule when attorney's fees are provided by a statute. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Nevertheless, a statute will only be interpreted as allowing a deviation from the American Rule if it requires another party to pay attorney's fees in specific and explicit provisions. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158 (2015). The party

2

seeking to recover attorneys' fees has the burden of demonstrating that it is entitled to fees and that the amount it seeks is reasonable. *See Airlines Reporting Corp. v. Sarrion Travel, Inc.*, 846 F. Supp. 2d 533, 536 (E.D. Va. 2012).

### III. ANALYSIS

The Court DENIES Defendant's Motion for Expenses regarding the Defendant's attorney fees and GRANTS Defendant's Motion for Expenses relating to Defendant's expert witness.

**1. The USPTO is Not Entitled to Attorneys' Fees Under 35 U.S.C. §145.**

*a. The American Rule Does Not Allow Payment Of Attorneys' Fees Unless A Statute Specifically And Expressly Requires It.*

Defendants are not entitled to attorneys' fees because the American Rule specifically forbids it. The American Rule states that each litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) ("[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."). Because the American Rule is rooted in common law, dating as far back as the 18th century, a party who seeks to deviate from the American Rule by requesting attorneys' fees from his opposing party, must have statutory justification. *Baker Botts*, 135 S. Ct. at 2164 ("The basic point of reference when considering the award of attorneys' fees is the bedrock principle known as the American Rule."); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 271 (1975) ("absent statute or enforceable contract, litigants pay their own attorneys' fees.").

More precisely, the Supreme Court has stated that departures from the American Rule are authorized *only* when there is a "specific and explicit provision[] for the allowance of attorneys' fees under [the] selected statute[]." *Id.* at 2164 (quoting *Alyeska Pipeline Service*, 421 U.S. at 260.) In other words, "absent explicit statutory authority," to the contrary, a court must follow

the American Rule. *Id.* In light of this "specific and explicit provision" standard, Defendants must be able to articulate a statutory provision that clearly and explicitly allows them to recover attorneys' fees from Plaintiff.

### b. Section 145 of Title 35 of the United States Code Does Not "Specifically and Explicitly" Allow for Payment of Attorneys' Fees

The language of §145 neither specifically nor expressly requires plaintiffs to pay their opponent's attorneys' fees. Section 145 does not justify a deviation from the American Rule. Section 145 states, in relevant part: "[a]ll the *expenses* of the proceedings shall be paid by the applicant." 35 U.S.C. § 145 (2011). Thus, to satisfy the Supreme Court's standard in *Baker Botts* and show that § 145 deviates from the American Rule, Defendants must be able to show the statute's use of the term 'expenses' specifically encompasses attorneys' fees. However, this is not possible because in § 145's entire two-hundred-year existence, it has never been interpreted as including attorneys' fees in "expenses." Instead, Congress's reference to "*all* of the expenses" merely points to a *collection* of the expenses used, commonly understood to encompass as printing, travel, and reasonable expert witness expenses.

The American Rule requires a statute to expressly indicate a deviation from its bedrock principle that each side pays its own fees. This deviation from the American Rule does not require a statute to specifically state "attorneys' fees" in order for attorneys' fees to be one of the statute's contemplated "expenses." Instead, the statute must, in keeping with the "specific and explicit" standard, clearly indicate that it requires a party to pay attorneys' fees. *See Baker Botts,* 135 S. Ct. 2158. In *Baker Botts*, the Supreme Court held that a statute successfully deviated from the American Rule and therefore mandated a party pay its opponent's attorneys' fees *even though the statute never used the term "attorneys' fees." Id.* The Supreme Court crucially noted that the statute satisfied the "specific and explicit" standard because the statute's language

4

authorizing "reasonable compensation for actual, necessary services rendered" *undisputedly* authorized an award of attorneys' fees for the work in question. *See id.* ("*no one disputes* that §330(a)(1) authorizes an award of attorneys' fees for that kind of work"). More specifically, the Supreme Court noted the statute's use of the term 'services rendered,' in reference to what fees should be paid, further indicated Congress's intent to include attorneys' fees in the party's required expenses. *Id.* This ruling shows that a statute can depart from the American Rule without requiring the term "attorneys' fees" as long as its deviation is clear and unambiguous.

In spite of such a concrete precedent from the Supreme Court, Defendant still mischaracterizes *Baker Botts* in two ways. First, Defendant insists that the Supreme Court's holding in *Baker Botts* does not apply to the case at hand because the Court, after agreeing the statute at issue *allowed* attorney's fees, rejected an attorneys' request to apply the statute to fees the attorney had personally accumulated while defending *himself* during fee litigation. However, this analysis actually cuts against Defendant's position because, as Defendant notes in its Reply Brief, "[t]he Supreme Court *applied* the American Rule to what it viewed as a classic example of 'adversarial litigation.'" (Doc. 93 at 8). In other words, the Supreme Court's refusal to deviate from the American Rule in the single instance involving an attorney's fee-defense litigation was based solely on the fact that the litigation the attorney sought expenses for, was not classic example of adversarial litigation, where "one side" is against "the other." *See Baker Botts*, 135 S. Ct. at 2164. Instead, the attorney sought to use the relevant statute to recover attorney's fees for he had previously imposed on his *own* client, and thus was defending, that removed this particular scenario from the "classic adversarial" case.

The case fits into the category of "classic adversarial litigation." Plaintiff, opposing Defendants, sought judicial review of a USPTO ruling of in this Court. Simply because Plaintiff

brings suit under a statute that requires them to pay for all expenses, does not indicate that this suit is not adversarial. On the contrary, because such suits are naturally adversarial, the requirement of paying all expenses is meant to be a deterrent to litigation, not simply require a party to pay the expenses he would have had to pay regardless. Additionally, the very structure of §145 indicate that claims pursued under the statute are inherently adversarial. The statute is premised on a party's dissatisfaction with the administrative ruling such that, knowing well before bringing suit that it will have to pay the expenses of the USPTO, it *still* endeavors to have his suit heard in a federal district court. This cannot be described as anything but adversarial.

Second, Defendant alleges that *Baker Botts* stands for the proposition that a broad term like "reasonable compensation" is sufficient to deviate from the American Rule. This conclusion fails for many reasons. Primarily, Defendant's position ignores the requirement that a statute requiring attorney's fees be specific and explicit, as well as previous statutes that adhere to the 'specific and explicit' requirement. To be clear, when Congress intends a statute to deviate from the American Rule, it does so explicitly. *See, e.g.*, 35 U.S.C. § 285 (authorizing, in "exceptional cases," awards of "reasonable attorney fees"); 15 U.S.C. § 1114(2)(D)(iv) (imposing liability on party making material misrepresentations "for any damages, including costs and attorney's fees"); 15 U.S.C. § 1116(d)(11) (authorizing, in action for wrongful seizure of goods or marks, award of "a reasonable attorney's fee"); 15 U.S.C. § 1117(a) (authorizing, in "exceptional cases," awards of "reasonable attorney fees"); 15 U.S.C. § 1117(b) (authorizing, in counterfeit mark litigation, recovery of "a reasonable attorney's fee").

Further, even when a statute authorizes a broad term like 'costs' or 'expenses,' if such terms are intended to include attorney's fees, Congress will modify the term to specify or clarify the statute's meanings. *See, e.g.*, 11 U.S.C. § 363(n) (authorizing recovery of "any costs,

attorneys' fees, or expenses incurred"); 12 U.S.C. § 1464(d)(1)(B)(vii) (at the court's discretion, obligating federal savings associations to pay "reasonable expenses and attorneys' fees" in enforcement actions); 26 U.S.C. § 6673(a)(2)(A) (requiring lawyers who cause excessive costs to pay "excess costs, expenses, and attorneys' fees"); 31 U.S.C. § 3730(d)(4) (authorizing, in false claims suit, "reasonable attorneys' fees and expenses" to prevailing defendant); 12 U.S.C. § 5009(a)(1)(B) (holding party at fault liable for "interest and expenses (including costs and reasonable attorney's fees and other expenses of representation)"); Fed. R. Civ. P. 37(a)(5)(A) (requiring party at fault to pay "reasonable expenses . . . including attorney's fees").

Additionally, Defendant's argument misses the fact that in *Baker Botts,* the statute at issue did not simply state "reasonable compensation" but used the phrase "reasonable compensation for actual, necessary *services rendered.*" *See id.* While it is true that in *Baker Botts*, the Supreme Court emphasized that *various* phrases—not solely "attorneys' fees," –could indicate departure from the American Rule.such variations, whether "a reasonable attorneys' fee," "fees," or "litigation costs," all *unequivocally* indicate attorneys' fees. *Id.* at 2164. For example, the Equal Access to Justice Act, which dictates what fees a party must pay in specific suits against the government, makes a clear distinction between expenses *generally* and attorneys' fees, often referring to both terms in the same sentence. *See* 28 USC § 2412. Section (a)(1) the act states "a judgment for costs . . . *but not including the fees and expenses of attorneys;*" section (b) notes "a court may award reasonable fees *and* expenses of attorneys;" subsection (2) it outlines the payment of "fees *and* expenses of attorneys;" and in section (d)(1)(A) it states "a court shall award . . . fees *and* other expenses, *in addition to costs.*" *Id.*

The Equal Access to Justice Act and the Supreme Court's interpretation of the specific and explicit language in *Baker Botts*, provide examples of statutory provisions that specifically

7

and explicitly authorize attorneys' fees. In both statutes, Congress' intentional inclusion of the term *fees*, rather than 'costs' or 'expenses' when it wanted to authorize attorneys' fees, make it is evident that §145 simply does not meet the standard articulated in *Baker Botts*. In §145 Congress neither used the phrase "attorneys' fees" nor "fees" nor any alternative phrase demonstrating a clear reference to attorneys' fees. *See* 35 U.S.C. § 145 (2011). Such ambiguity regarding the exact reach of the term "expenses" means §145 does not meet the Supreme Court's *Baker Botts* standard and therefore, cannot deviate from the American Rule.

### c. The Shammas Court's Reading That the American Rule Only Applies When The <u>Prevailing</u> Party Seeks Fees, Is Erroneous

The Fourth Circuit's holding in *Shammas v. Focarino* does not correctly follow the later articulated Supreme Court standard in *Baker Botts*. In *Shammas*, the Fourth Circuit decided that "the American Rule [] applies only where the award of attorney[']s fees turns on whether a party seeking fees has prevailed to at least some degree." *Shammas v. Focarino*, 784 F.3d 219, 223 (4th Cir. 2015). Relying on previous Supreme Court cases that state the American Rule by addressing "the prevailing party," the *Shammas* court concluded that the American Rule applies *only* in the context of a prevailing party seeking fees from a losing party. *Id.* at 223 (concluding, "[t]hus a statute that mandates the payment of attorneys' fees without regard to ta party's success is not a fee-shifting statute that operates against the backdrop of the American Rule."). The court then noted that, in the context of § 145, "[b]ecause the PTO is entitled to recover its expenses even when it completely fails, [§ 145] *need not be interpreted against the backdrop of the American Rule.*" *Id.*

Without more, this hardly justifies deviating from the American Rule's bedrock principle. Most important however, given the Supreme Court's decision *Baker Botts* decision after *Shammas*, specifying a clear standard that directly *opposes* the exception the *Shammas* court

8

articulated, this Court is bound to apply *Baker Botts* to the current case[1]. Granted, the *Shammas* decision cited Supreme Court cases that included the phrase "the prevailing party," however, those cases made no reference to an express holding that the American Rule *only* applied to prevailing parties. For example, the *Shammas* court cited the Supreme Court's decision in *Ruckelshaus v. Sierra Club*, which merely stated that "the consistent rule is that complete failure will not justify shifting fees." 463 U.S. 680, 684 (1983). However, this affirmative statement does not necessitate its inverse. In other words, simply because the Supreme Court holds that a party's failure does not justify shifting fees to its opponent, does not necessarily mean that in cases where "failure" is not possible (because the parties have agreed that one party will pay all expenses), the American Rule does not apply. Neither the *Shammas* court, nor Defendant has pointed to a Supreme Court case that affirmatively states that the American Rule only applies in contexts of prevailing parties. This complete omission, in light of a clearly articulated standard from the Supreme Court, reinforces the fragility in the *Shammas* justification. Given this, the Supreme Court's 2015 standard articulated in *Baker Botts* should guide all determinations of whether a statute deviates from the American Rule.

Finally, the *Shammas* court notes that, even if it had erroneously concluded that the term "expenses" in § 145 deviates from the American Rule, its conclusion is nonetheless supported because it is clear from "ordinary parlance" that "expenses" is "sufficiently broad to include attorneys' fees." *Id.* at 22. But once again, this misinterprets the standard articulated *in Baker Boots*. The issue, when deciding if statutory language sufficiently deviates from the American Rule, is whether the language specifically and *explicitly* states that attorneys' fees—in some way

---

[1] Both Plaintiff and Defendant correctly recognize that the Fourth Circuit's decision in *Shammas* is not binding on this Court because the Federal Circuit is the exclusive appellate authority for this action brought pursuant to part of the Patent Act (35 U.S.C. § 145). *See* Def's Mtn. for Expenses at 9 n.2; Plt. Opp. at 13 n12.

or another—are authorized, *not* whether a term is broad enough to where it appears applicable under the terms in the statute.

As the *Shammas* court itself noted, Congress must speak with "heightened clarity" to overcome the presumption of the American Rule. *Shammas*, 784 F.3d at 223. In light of this, the Fourth Circuit's references to the dictionary definition of expenses and the likelihood that the term expenses encompasses attorney fees do not affect this Court's analysis. Instead, when viewing § 145, this Court must determine whether the statute *specifically and explicitly* authorized attorneys' fees. When disturbing a bedrock principle with such harsh results, uncertainty is unacceptable. Finally, as Plaintiff aptly notes, no other court has supported or echoed *Shammas*' rationale.

2. **Defendants' Retention of Expert Lewis Lanier Does Not Appear Excessive; However, That Is at The Discretion of the Court.**

Plaintiff additionally contests Defendants' use of an expert witness costing between $800-$1000/hr. given that Plaintiff's expert only cost $400/hr. This disparity in experts' rates is not indicative of any misconduct by the Defendants. Before selecting their expert witness, Defendants sought nine different experts, did not choose the highest one, and eventually selected an expert whose fee is similar to recent cases the expert has served as a witness. Thus the Court holds that the USPTO's expert Lewis Lanier's total rate of $33,103.89 was not excessive in light of his previous rates and experience. Accordingly, the Court GRANTS Defendants' Motion for Expenses for $33,103.89, for the costs of retaining its expert witness, Lewis Lanier.

## V. CONCLUSION

The Court DENIES Defendant's Motion for Expenses regarding the Defendant's attorney fees of $78,592.50 and GRANTS Defendant's Motion for Expenses of $33,103.89 for Defendant's expert witness, Lewis Lanier.

For the reasons stated above, it is hereby,

**ORDERED** that Defendant Michelle K. Lee's Motion for Expenses is **DENIED** for attorney's fees of $78,592.50 and **GRANTED** for the fees of $33, 103.89 for Defendant's expert witness Lewis Lanier.

**IT IS FURTHER ORDERED** that Plaintiff pay the USPTO $33, 103.89 within forty-five (45) days of this Order.

**IT IS SO ORDERED.**

ENTERED this _5th_ day of February, 2016.

Alexandria, Virginia
02 / 5 / 2016

/s/
Gerald Bruce Lee
United States District Judge